(169 App. Div. 496)

## In re GLASBERG.

(Supreme Court, Appellate Division, First Department.    November 5, 1915.)

ATTORNEY AND CLIENT ⬥═══44—COMPENSATION—IMPROPER AGREEMENTS.

Where an attorney at law, employed by another attorney, enters into an agreement with one of his employer's clients, through fraud and false representations, under which he settles the client's case, retaining a fee therefrom, without preserving his employer's liens on the funds in controversy, he is guilty of professional misconduct meriting severe censure.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. ⬥═══44.]

Proceeding by the County Lawyers' Association against Otto A. Glasberg, an attorney and counselor at law, for professional misconduct. Respondent severely censured.

See, also, 159 App. Div. 904, 143 N. Y. Supp. 1118.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, and DOWLING, JJ.

Mason Trowbridge, of New York City (George R. Adams, of New York City, of counsel), for petitioner.

Andrew F. Murray, of New York City, for respondent.

PER CURIAM. The respondent, who was admitted to the bar in November, 1902, has been charged by the County Lawyers' Association with professional misconduct. There are three charges against him.

The respondent was for some time a clerk in the employment of Mr. Joseph Wilkenfeld, an attorney of this city. This relation terminated in October, 1912. At an earlier date in the same year Mr. Wilkenfeld had recovered a judgment for $214 in the action of Schmidt v. Western Cloak & Suit Company. In this action, while Mr. Wilkenfeld was the attorney of record, the respondent tried the case by his employer's direction. An appeal was taken, which was conducted, in behalf of the plaintiff, by Mr. Wilkenfeld, without any assistance from respondent. The judgment was affirmed after respondent had left Mr. Wilkenfeld's employment. Soon after the affirmance of the judgment, respondent, without Wilkenfeld's knowledge, arranged a settlement by the agreement of the defendants to pay and of the plaintiff to receive $150 in satisfaction of the judgment, out of which it was agreed that respondent should receive $50. Schmidt and the respondent were brought together by a man named Sussman, who had also been in Wilkenfeld's employ, and who claimed that Schmidt owed him $5. Mr. Wilkenfeld knew nothing of the settlement, or of respondent's part in bringing it about.

It is conceded by the petitioner that Mr. Schmidt had a legal right

⬥═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to engage another attorney to collect the judgment, provided proper steps were taken to preserve Mr. Wilkenfeld's lien, and also that respondent could have solicited "this retainer from Schmidt without so far violating legal ethics as to subject himself to discipline," provided, of course, that respondent's actions were frank and above board, and that he was guilty of no misrepresentation in order to obtain the retainer. Unfortunately the evidence compels the conclusion that respondent was not frank and above board, and that he did induce Schmidt to employ him to effect a compromise by false representations as to the history of the litigation and his personal services therein and connection therewith. Nor did he take any steps to safeguard Mr. Wilkenfeld's lien for his services, nor acquaint that gentleman with what was going on, so as to enable him to take steps to protect his lien. Fortunately for Mr. Wilkenfeld, but owing to no act of the respondent, the former was able ultimately to recover for his services. The official referee finds, and we concur in his finding, that respondent's acts in this regard fell below the true standard of good professional ethics. For this he is to be severely censured.

The other charges arise out of a question of the disposition by respondent of the sum of $24 intrusted to him to meet the expenses of a number of actions for small amounts intrusted by one Heimann to Mr. Wilkenfeld. Upon this subject the evidence is very conflicting. The respondent seems to have accounted for $14 of the amount as having been properly expended. As to the other $10 the official referee finds that it is difficult to reach a conclusion that is not involved in doubt and uncertainty. His conclusion is that these charges are "not proven," and we are not disposed to differ from him in this particular.

Upon the first charge, however, we consider that the respondent was guilty of unprofessional conduct for which he is severely censured.